IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LARRY FISCUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF GREENSBORO, North Carolina, )<br>)<br>Defendant. ) | 1:18-cv-1010 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Presently before the Court are Plaintiff's Motion To Seal Plaintiff's Response to and Brief in Response to Defendant's Motion for Summary Judgment, (ECF No. 20); and Defendant's Motion To File Three Exhibits Under Seal, (ECF No. 24). For the reasons that follow, the Plaintiff's motion is granted in part and denied in part, and Defendant's motion is granted. This Order is filed contemporaneously with this Court's Order addressing Defendant's Motion for Summary Judgement

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* (citation omitted). "The common law," however, "does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "The common-law presumptive

right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe*, 749 F.3d at 265–66 (quoting *Rushford*, 846 F.2d at 253). The First Amendment presumptive right of access, in contrast, extends "only to particular judicial records and documents." *Id.* at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). However, it may only be restricted upon a showing that such a restriction is "necessitated by a compelling government interest and . . . narrowly tailored to serve that interest." *Id.* (citation and internal quotation marks omitted).

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (citing *Rushford*, 846 F.2d at 253). Substantively, a district court must "first 'determine the source of the right of access with respect to each document.'" *Doe*, 749 F.3d at 266 (quoting *Va. Dep't of State Police*, 386 F.3d at 576). The Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Id.* at 267. Therefore, the First Amendment right of access applies in this case, as the documents which are the subject of the motion to seal were filed with the Court in support of Defendant's motion for summary judgment.

Procedurally, a district court presented with a sealing request must

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

2

*Id.* at 272.  Local Rule 5.4 outlines similar requirements.[1]  LR 5.4.  The burden rests on the party seeking to keep information sealed.  *Va. Dep't of State Police*, 386 F.3d at 575.

### I.  Plaintiff's Motion to Seal

Plaintiff's motion, filed on April 29, 2020, includes a blanket request to seal his Response to Defendant's Motion for Summary Judgment, its eleven attached exhibits, and his brief in support of his Response.  (ECF No. 20 at 1.)  In his motion, Plaintiff considers and rejects one alternative to full closure of the documents by stating that changing or redacting the names of individuals appearing in the files would nevertheless "reveal who these individuals were, even if monikers were used in place of identifiers."  (ECF No. 20 ¶ 2.)  In addition, he asserts that these exhibits contain private personnel information protected by state law under N.C.G.S. § 160A-168.  (ECF No. 20 ¶ 1.)  Defendant filed its Response to Plaintiff's Motion To Seal on May 13, 2020.  (ECF No. 27.)

The Court finds that the public notice requirement as well as a reasonable opportunity for the public to object has been satisfied in that Plaintiff filed his motion on ECF in April and Defendant its response in May of this year.

The Court further finds that Plaintiff's limited consideration of alternatives to closure and reasons given are sufficient to support the sealing of three of the requested documents: Exhibits 9, 10, and 11, (ECF Nos. 21-9, 21-10, 21-11).  These exhibits are personnel files of Greensboro police officers.  They are confidential and, under N.C.G.S. § 160A-168, are not considered public records.  *See* N.C. Gen. Stat. § 160A-168(c), (c1)(1), (4) (2020).  Two of these

---

[1] These requirements are: (1) stating "the reasons why sealing is necessary;" (2) explaining "why less drastic alternatives to sealing will not afford adequate protection;" (3) "[a]ddress[ing] the factors governing sealing of documents reflected in governing case law;" and (4) stating "whether permanent sealing is sought and, if not, stat[ing] how long the document should remain under seal and how the document should be handled upon unsealing."  LR 5.4(b).

3

files belong to non-parties in this case, (ECF Nos. 21-9, 21-10), and "the privacy interests in a non-party's personnel file constitute a compelling interest which would outweigh the First Amendment public right of access." *Johnson v. City of Fayetteville*, 2014 WL 7151147, at *10 (E.D.N.C. December 11, 2014) (citing *Robinson v. Bowser*, 2013 WL 3791770, at *6–8 (M.D.N.C. July 19, 2013)).

The third personnel file, Exhibit 11, belongs to Plaintiff. (*See* ECF No. 21-11.) Some courts have understandably distinguished non-party personnel files from those that contain information about a Plaintiff who places his own record at issue. S*ee Robinson*, 2013 WL 3791770, at *8. In cases concerning adverse employment actions, this follows from the fact that one's personnel file is typically "highly relevant and, indeed, critical to whether liability lies against Defendants." *Id.* However, that is not the case here. Instead, the Court has found that the information in Plaintiff's file is not material to the disposition of the case. Additionally, the file is primarily a compilation of comments written by supervisors against whom Plaintiff has not alleged any conduct that would violate his rights. (*See* ECF No. 21-11.) Thus, the Court finds that the privacy interests in Plaintiff's file also outweigh the First Amendment public right of access and grants the motion to seal Exhibits 9, 10, and 11 in their entirety.

In addition, the Court partially grants a motion to seal excerpts of three additional documents Plaintiff has entered. The first of these is Exhibit 1, which is Plaintiff's affidavit with accompanying material. (ECF No. 21-1.) In this affidavit, Plaintiff largely restates his theory of the case by pointing to non-confidential information. (*See id.*) However, Plaintiff makes an assertion regarding a personnel matter of a non-party in Paragraph 10, and thus the Court finds that Plaintiff should file a new version of this exhibit with Paragraph 10 redacted.

The Court also partially grants a motion to seal a section of Exhibits 1 and 5 that include the affidavit of retired officer John Wolfe. (ECF Nos. 21-1, 21-5.) Like Plaintiff, Officer Wolfe also makes assertions regarding a personnel matter of a non-party in Paragraphs 4 through 9, (*see* ECF Nos. 21-1 at 33–36; 21-5 ¶¶ 4–9), and thus the Court finds that Plaintiff should file a new version of both exhibits with this section redacted.

The Court will likewise partially grant a motion to seal sections of Plaintiff's Brief in Support of Response in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 22.) This brief comprises the legal argument in opposition to summary judgment in this case, but additionally makes several assertions regarding a personnel matter of a non-party as well. Thus, Plaintiff must file a new version of this brief with the following sections redacted:

- On Page 1, the second sentence under the heading "Nature of the Case" beginning with the words "Plaintiff has";
- On Page 4, the two sentences beginning with the words "In fact" at the end of the second paragraph;
- The last sentence on Page 6 beginning with the words "While Chief Scott";
- The first two paragraphs of Page 9 beginning with the words "The yearly" and ending with the words "stellar record."

The Court denies the motion to seal any remaining part of Plaintiff's brief, including documents that are already in the record (Exhibits 2, 3, 4,[2] and 8), (ECF Nos. 21-2, 21-3, 21-4, 21-8), or affidavits that contain information that are not otherwise protected by any statute (Exhibits 6 and 7), (ECF Nos. 21-6, 21-7).

---

[2] Only a redacted version of Exhibit 4, a document related to Plaintiff's EEOC claim, is public at this time. Even so, the information that is redacted constitutes an argument Defendant raises, is public information, or is already on the record in another form.

5

Case 1:18-cv-01010-LCB-JLW   Document 33   Filed 09/14/20   Page 5 of 7

**II.    Defendant's Motion**

Defendant has requested the Court seal three additional documents, which are Exhibits 12, 13, and 15.  (ECF No. 25 at 1 (citing ECF Nos. 23-1, 23-2, 23-4).)  Exhibit 12 is a table providing the names of all officers who completed the interactive assessment to be considered for promotion to Lieutenant in the years 2014 and 2016 as well as their scores.  (*See* ECF No. 23-1, 26.)  Exhibit 13 contains similar information for the year 2016 only, but with the officers ranked by score rather than in alphabetical order.  (*See* ECF No. 23-2, 26-1.)  Exhibit 15 is an excerpt of a deposition given by a non-party describing a personnel matter.  (*See* ECF No. 26-2.)  A redacted version of this document has been previously filed and is in the public record.  (*See* ECF No. 23-4.)

The Court finds that the public notice requirement has been satisfied and there has been a reasonable opportunity for the public to object since Plaintiff filed his motion on ECF in May of this year.  (*See* ECF No. 25.)  Defendant also states that there "is no less drastic alternative to sealing that will afford adequate protection of confidentiality."  (ECF No. 25 at 5.)

Given the nature of the exhibits, the Court agrees and additionally finds that each of these documents contains non-public personnel information about non-parties protected under N.C. Gen. Stat. § 160A-168.  Thus, the Court grants Defendant's motion to seal Exhibits 12, 13, and 15.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion to Seal Plaintiff's Response to and Brief in Response to Defendant's Motion for Summary Judgment, (ECF No. 20), is GRANTED with regards to Exhibits 9, 10, and 11 and DENIED in part as to all other

requests. The Court orders that Plaintiff shall file versions of Exhibits 1 and 5 with redactions consistent with those ordered in this memorandum. The Court additionally orders that Plaintiff shall file a version of its Brief in Support of Response in Opposition to Defendant's Motion for Summary Judgment, (ECF No. 22), consistent with all redactions stated in this memorandum.

IT IS FURTHER ORDERED that Defendant's Motion to File Three Exhibits Under Seal, (ECF No. 24), is GRANTED and shall be sealed permanently unless otherwise ordered by the Court.

It is FURTHER ORDERED that the redacted versions of the documents outlined in this Order shall be filed no later than September 25, 2020. Further, once the redacted versions have been filed consistent with this Order, all unredacted versions of the corresponding documents shall remain sealed permanently unless otherwise ordered by the Court.

This, the 14th day of September 2020.

/s/Loretta C. Biggs
United States District Judge